**UNITED STATES of America**

v.

**Lloyd MALLORY, Defendant.**

**No. 1:09cr228.**

United States District Court,
E.D. Virginia,
Alexandria Division.

May 13, 2010.

Derek Andreson, Stephen Learned, Edmund P. Power, U.S. Attorney's Office, Alexandria, VA, for Plaintiff.

Aaron Samuel Book, Brian Christopher Athey, Steven T. Webster, Webster Book LLP, Alexandria, VA, for Defendant.

## ORDER

T.S. ELLIS, III, District Judge.

At issue on defendant's motion for judgment of acquittal is whether the government adduced substantial evidence at trial that defendant caused a private or com-

mercial interstate carrier to be used in furtherance of the scheme or artifice to defraud, as required to sustain his conviction under the mail fraud statute, 18 U.S.C. § 1341. The motion has been fully briefed, and oral argument is dispensed with as it would not aid the decisional process. Accordingly, the matter is now ripe for disposition.

## I.

Defendant, Lloyd Mallory, was charged in a superseding indictment alleging (i) conspiracy to commit mail fraud and wire fraud in violation of 18 U.S.C. § 371, (ii) wire fraud in violation of 18 U.S.C. § 1343, and (iii) mail fraud in violation of 18 U.S.C. § 1341. To sustain a conviction on the mail fraud count, the government, *inter alia*, was required to prove, beyond a reasonable doubt, that in furtherance of a scheme or artifice to defraud, defendant used or caused to be used the mails or a private or commercial interstate carrier. *See* 18 U.S.C. § 1341. With respect to the "private or commercial interstate carrier" element, the government adduced evidence at trial that SunTrust Bank sent a check for $35,610 from its offices in Nashville, Tennessee, to Chris Evans, one of defendant's alleged coconspirators, in Reston, Virginia. Specifically, Craig Mahoney, a representative of SunTrust Bank, testified that the bank sent this check on June 5, 2008 as part of a $250,000 loan that it approved for a customer, Donald Erat, in reliance on tax returns fraudulently prepared by defendant. Mahoney also authenticated an internal bank record indicating that the $35,610 check was "SENT VIA FED EX PRIORITY." Gov't Ex. 63. On the bank record, this notation is followed by the number "962495000390." *Id.* The government also presented a document certified by a FedEx records custodian as a record routinely kept in the ordinary course of business. Gov't Ex. 67. At the top of this FedEx record are the words "FedEx Services" in a stylized logo, and at the bottom is a string of characters that appears to be an Internet address indicating that the document was printed from a web page located at "fedex.com." The body of the document states as follows:

*PACKAGE DETAILS:*

| | | | |
|---|---|---|---|
| Tracking No: | 962495000390 | | |
| Shipper Account No: | 251859329 | Ship Date: | 06/05/2008 |
| Reference No (SRN): | ERAT, DONALD | | |

| | |
|---|---|
| Shipper: | WHOLESALE LENDING<br>SUNTRUST BANK<br>41 RACHEL DR<br>TN–NASHVILLE–7967<br>NASHVILLE, TN 37214<br>US |
| Recipient: | ATTN CHRIS EVANS ESQ<br>PHANTOM FINANCIAL<br>11876 SUNRISE VALLEY DR<br># 200<br>RESTON, VA 20191<br>US |

*DELIVERY INFORMATION/SPOD Letter:*

| | | | |
|---|---|---|---|
| | | Delivered to: | 11876 SUNRISE VALLEY DR |
| | | Delivery Date: | 06/06/2008 |
| Signed For By: | 3785346 | Delivery Time: | 09:49 |

Gov't Ex. 67.

Following a five-day trial, the jury convicted defendant on the conspiracy and mail fraud counts, but acquitted him on the wire fraud count. Thereafter, defendant filed the instant motion for judgment of acquittal pursuant to Rule 29, Fed. R.Crim.P. He argues, by counsel, that his conviction on the mail fraud count is infirm because the government failed to adduce substantial evidence that FedEx is a "private or commercial interstate carrier" as that phrase is used in 18 U.S.C. § 1341. The government opposes defendant's motion, arguing that sufficient evidence was adduced at trial to allow the jury to conclude beyond a reasonable doubt that FedEx is, in fact, a private or commercial interstate carrier. For the reasons that follow, defendant's motion must be denied.

## II.

■ Entry of judgment of acquittal is appropriate where "the evidence is insufficient to sustain a conviction." Rule 29(a), Fed.R.Crim.P. The standard governing such determinations is well-settled in this circuit. Specifically, the applicable test is "whether there is substantial evidence (direct or circumstantial) which, taken in the light most favorable to the prosecution, would warrant a jury finding that defendant was guilty beyond a reasonable doubt." *United States v. MacCloskey*, 682 F.2d 468, 473 (4th Cir.1982) (citing *United States v. Dominguez*, 604 F.2d 304, 310 (4th Cir.1979); *United States v. Stroupe*, 538 F.2d 1063, 1066 (4th Cir.1976)). Accordingly, the evidence must be sufficient to support a "reasonable inference" that each of the elements necessary for conviction is satisfied beyond a reasonable doubt. *Id.* at 474; *see also United States v. Burgos*, 94 F.3d 849, 862 (4th Cir.1996) ("[S]ubstantial evidence is evidence that a

reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt"). Accordingly, defendant's motion must be granted unless sufficient evidence was adduced at trial for a reasonable jury to have concluded, beyond a reasonable doubt, that FedEx is a private or commercial interstate carrier.

## III.

■ It is clear from the plain language of the mail fraud statute that three elements must be shown to establish that an entity is, in fact, a "private or commercial interstate carrier." First, the entity must either be "private" or "commercial" in nature. Second, it must be a "carrier." And third, it must engage in "interstate" carriage. The government presented substantial evidence of all three elements at trial.

■ To begin with, a "private" entity is one that does not belong "to the public or the government,"[1] and a commercial entity is one that is "of or relating to" the "buying and selling of goods" or services.[2] Under the mail fraud statute, the government was required to show that FedEx is private *or* commercial; it did not have to show both. In this respect, it is clear from the record that a jury reasonably could have concluded that FedEx is a private or commercial entity. Specifically, it is quite clear from the FedEx tracking record that FedEx is a commercial entity that is in the business of providing parcel transportation services. The record references a "Shipper Account No"—strongly suggesting that the shipper regularly utilizes FedEx's services to transport packages and that the shipper—SunTrust Bank—maintains

---

1. *Black's Law Dictionary* (8th ed.) (definition of "private").

2. *Am. Heritage Coll. Dictionary* (3d ed.) (definitions of "commercial" and "commerce").

an account with FedEx in order to regularize payment to for these services. Additionally, the tracking record's reference to a database, to a twelve-digit "Tracking No," and the entity's logo and copyright statement all suggest that FedEx is an entity that derives revenue from the provision of transportation services and thus it is "commercial" in nature. Thus, it is not merely true that a reasonable jury could have concluded beyond a reasonable doubt that FedEx is a private or commercial entity; it appears that no reasonable jury could have concluded otherwise.

 It is equally clear, for substantially the same reasons, that FedEx is a "carrier." Unlike the term "common carrier," "carrier" is not a legal term of art designating whether the entity is subject to elevated common law duties. Instead, a "carrier" is merely a "individual or organization . . . that contracts to transport passengers or goods for a fee." *Black's Law Dictionary* (8th ed.).[3] Defendant incorrectly contends that the Fourth Circuit's definition of "common carrier" in *Brennan v. Schwerman Trucking Co.*, 540 F.2d 1200 (4th Cir.1976) is "persuasive authority" of the meaning of "carrier" in the mail fraud statute. *Brennan* explained that in the course of determining whether an entity is a "common carrier" for purposes of the Interstate Commerce Commission Act, 49 U.S.C. § 304(a), courts should consider (i) whether the company holds itself out as available for interstate cartage, (ii) whether it solicits interstate business and handles *any* interstate shipments received, and (iii) whether it is required to accept interstate freight offered at its going rates. *Brennan*, and the factors it announces, are

plainly inapposite here; that case and the factors it announces focus not on whether the subject entity is a carrier, but rather on whether it is a *common* carrier.[4] Thus, the government's evidence on the "carrier" element need only have been sufficient to prove that FedEx is an entity that contracts to transport goods for a fee. In this respect, for the reasons discussed above, it is clear from the testimony of Craig Mahoney, and from the SunTrust Bank and FedEx records, that FedEx is in fact such an entity. Accordingly, the government satisfied its burden to present substantial evidence in this respect.

 The final element, that FedEx engages in "interstate" carriage, is easily resolved, for the parcel in issue traveled across state lines en route to its destination, and this is itself substantial evidence that FedEx is an interstate carrier. Put another way, FedEx's transportation of the SunTrust Bank check from Tennessee to Virginia was itself an act of interstate carriage, and thus the government was not required to demonstrate that FedEx engages in other acts of interstate carriage. In this sense, the case is distinguishable from a matter in which the parcel in issue only traveled within a single state. In such a case, the government would likely have to show that the carrier ordinarily transports goods between states, even though it did not do so in the instance in question. And indeed, in one such case— relied on by defendant—the Ninth Circuit indicated that a Federal Express receipt labeled as a "USA Airbill" was a "strong indicator[ ]" of the carrier's "interstate capacity." *United States v. Chua*, 16 Fed. Appx. 737, 739 (9th Cir.2001). In *Chua*,

---

3. In contrast, Black's Law Dictionary defines "common carrier" as a "[i] commercial enterprise that [ii] holds itself out to the public as [iii] offering to transport freight or passengers for a fee." *Black's Law Dictionary* (8th ed.).

4. *See* 14 Am.Jur.2d Carriers §§ 5, 819 (discussing definition and special duties of common carriers).

859

the parcel in issue had traveled within state lines, but the Ninth Circuit found that the captions and labels on billing receipts, together with the statement of a witness that he "assume[d]" that DHL and Federal Express transport parcels between states, was sufficient evidence to sustain a mail fraud conviction. *Id.* That case is easily distinguishable from the one at bar, where the evidence that the commercial carrier transported the subject parcel across state lines is itself substantial evidence that the carrier is an interstate carrier.

### IV.

In sum, the government adduced substantial evidence at trial that defendant caused the services of a private or commercial interstate carrier to be used in furtherance of a scheme or artifice to defraud. Defendant's motion for judgment of acquittal must therefore be denied.

Accordingly, and for good cause,

It is hereby **ORDERED** that defendant's motion for judgment of acquittal (Docket No. 214) is **DENIED.**